### UNITED STATES v. CHAMBERLIN et al.
### Civ. No. 1–108.

United States District Court
S. D. Iowa, Davenport Division.
Nov. 13, 1951.

Wm. R. Hart, U. S. Atty., Des Moines, Iowa, Harold J. Fleck, Sp. Asst. U. S. Atty., Des Moines, Iowa, for the United States.

Louis J. Kehoe, Washington, Iowa, for defendants.

RILEY, District Judge.

The two defendants, brothers, operate a store at Washington, Iowa, where they sell sporting goods and men's wear. In 1950 they sold approximately $35,000 of men's wear and women's apparel and $30,000

worth of sporting goods. They were subject to the general ceiling price promulgated January 26, 1951, and ceiling price regulation 7 of Feb. 27, 1951. By their terms defendants were required to prepare a list of categories and the ceiling price list of March 1, 1951. Section 11a of Ceiling Price Regulation 7 as amended required the preparation by defendants of a pricing chart to be filed with the Office of Price Stabilization in Des Moines, Iowa, on or before May 30, 1951. Section 12a of this regulation prohibited the defendants from offering to sell or deliver any article of merchandise covered by the regulation until and unless they had filed the chart required by section 11.

The defendants, notified by letter and in person in August 1951 by representatives of the Office of Price Stabilization, failed to file the price chart as required, continued to do business and are still so engaged.

A complaint was filed by the Government on Sept. 24, 1951, in this court asking for a preliminary injunction to restrain further violations. The motion therefore was assigned for hearing at Davenport on Oct. 15, 1951. On the morning of that day the defendants completed the filing of the pricing chart mentioned above and contemporaneously filed a motion for dismissal, asserting the proceedings to be moot and that there existed no basis for injunctive relief. The court sustained the motion insofar as it applied to a preliminary injunction, set the hearing on the permanent injunction at Des Moines, Iowa, for Oct. 26, 1951. Such a hearing has been held. The testimony disclosed that the pricing chart reveals twenty-two instances where over-ceiling prices apparently are charged and other lack of compliance.

The question here is whether the Government is entitled to the issuance of an injunction as prayed. The court finds from the evidence and record here that not only were the defendants in violation as alleged at the time of the filing of the complaint herein, but also that their action in filing the pricing chart only on the date that the proceedings for preliminary injunction were to be heard and their default since May 30, 1951, can only be construed as indicating an unwillingness to comply unless under compulsion. The standards of public interest, not the requirements of private litigation, measure the propriety and need for injunctive relief. Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754. The court believes that it is in the public interest that these defendants, because of the attitude that they have consistently displayed toward their obedience to the requirements of the Act, should be enjoined from further violation thereof.

Accordingly, counsel for the plaintiff will prepare and submit to counsel for the defendants and to the court proposed findings of fact and conclusions of law, to which counsel for the defendant may make due exception, and will prepare and submit an order for injunctive relief consistent with this memorandum.